## TERRITORY OF MONTANA, RESPONDENT, v. GUYOTT, APPELLANT.

CONSTITUTIONAL LAW—*Sale of liquor to Indians*—*Police power of territorial government.* — Section 160, division 4, Compiled Statutes, prohibiting the sale of liquors to Indians, is an act within the police power of the territorial government, and is not inconsistent with the clause of the Constitution granting to Congress the power to regulate commerce with the Indian tribes, nor with the laws of the United States framed thereunder.

SAME—*Construction of statutes.*—A sale of whiskey in Montana outside of an Indian reservation to an Indian, belonging to a tribe living upon a reservation in charge of an Indian agent, is not commerce "with the Indian tribes" within the meaning of the Constitution of the United States, article 1, section 8, subdivision 3.

CONSTITUTIONAL LIMITATION—*Legislative power of Territory.* — Under the legislative power of Territories extended by section 1851, Revised Statutes of the United States, there is no limitation upon the authority of a Territory to pass laws for the regulation and restriction of "the sale of articles deemed injurious to the health or morals of the community."

*Appeal from Second Judicial District, Silver Bow County.*

The defendant was tried before DE WOLFE, J., who sustained the constitutionality of the statute under which the defendant was indicted.

*McBride & Haldorn,* for Appellant.

The law under which the defendant was indicted, tried, and sentenced is unconstitutional and therefore void.   The territorial government of Montana is one of limited powers, having only such powers as are expressly given to it by Congress; it has none of the essential attributes of sovereignty, and is but a province over which Congress exercises supreme control.   (*Territory* v. *Lee,* 2 Mont. 124; *New Orleans* v. *Winter,* 1 Wheat. 91; *Perris* v. *Higley,* 20 Wall. 378.)   The only authority which Congress has given to Montana is to be found in the "Organic

Act." "The legislative power of the Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States." (§ 1851, Rev. Stats. U. S.) The Constitution of the United States has vested in Congress the exclusive right to "regulate commerce with foreign nations, and among the several States, and with the Indian tribes." (Const. U. S. subdiv. 3, § 8, art. 1.) Trade with the Indians, in all its forms, is subject exclusively to the regulation of Congress. (Duer Const. Jur. 281; Rawle on the Const. ch. 9, p. 84; 2 Story on Const. §§ 1097–1101, inclusive; *Worcester* v. *State of Georgia,* 6 Peters, 515; *Kansas Indians,* 5 Wall. 737; *New York Indians,* 5 Wall. 761.)

Intoxicating liquor is a legitimate article of commerce. (*Bowman* v. *Chicago etc. Ry. Co.* 125 U. S. 465–501.) The sale of an article of commerce by an individual white man to an individual Indian, even when such Indian is off his reservation, is commerce with the Indian tribes within the intent and meaning of the Constitution of the United States, and Congress has the exclusive right to regulate such commerce. (*United States* v. *Bridleman,* 7 Fed. Rep. 894, 897, 898, 900; *United States* v. *Holliday,* 3 Wall. 407, 415, 416, 417, 418; *United States* v. *Forty-three Gallons of Whiskey,* 93 U. S. 188; *United States* v. *Earl,* 17 Fed. Rep. 75; *Brown* v. *Houston,* 114 U. S. 622.)

So long as Congress does not pass any law to regulate commerce among the several States, it thereby indicates its will that commerce shall be free and untrammeled, and any regulation of the subject by the States is repugnant to such freedom. This has been laid down as law in the judgments of this court. (*Robbins* v. *Shelby Taxing Dist.* 120 U. S. 489, 493, 497; *Walling* v. *Michigan,* 116 U. S. ; *Territory* v. *Lee,* 2 Mont. 136, 137.)

If the territorial legislature can regulate or prohibit commerce with the Indian as to intoxicating liquor, it can also regulate commerce with him as to any other article of commerce, and can prescribe rules and inflict punishment for their violation upon the licensed agent of the United States. Much less should the territorial legislature have assumed to legislate upon this subject of commerce with the Indians, Congress having already enacted a law in reference to this very subject, and prescribed the punishment for commerce in this article with the Indian in

violation of the said act, which punishment is much less than that attempted to be prescribed by the territorial legislature. (Rev. Stats. U. S. § 2139.)

*John B. Clayberg*, Attorney-General for the Territory, Respondent.

BLAKE, C. J. — The appellant has been convicted of the crime of selling whiskey in Butte at the county of Silver Bow and outside of any Indian reservation in this Territory "to a certain Indian," contrary to the form of the following statute: "If any person shall, directly or indirectly, sell, barter, or give intoxicating liquor, whether fermented, vinous, or spirituous, or any decoction or composition of which fermented, vinous, or spirituous liquor is a part, to any Indian or half-breed Indian in this Territory, he shall be deemed guilty of a felony, and, upon conviction thereof, shall be punished. . . . ." (Comp. Stats. div. 4. § 160.)  The sole question before us involves the constitutionality of this act.  The counsel for the appellant and the attorney-general concur in the view that the legislative assembly has no power to control this subject. The same issue was raised in the court below, where the validity of the statute was upheld.  This assent of counsel would be decisive in ordinary actions, but we cannot permit any law to be adjudged null and void, or a provision of the Constitution to be interpreted, without an investigation.  The Constitution provides that "the Congress shall have power . . . . to regulate commerce with foreign nations, and among the several States, and with the Indian tribes."  (Art. 1, § 8, subdiv. 3.)  In pursuance thereof a statute was passed in 1832, which has been amended from time to time, and is now comprised in the following section: "No ardent spirits shall be introduced under any pretense into the Indian country.  Every person (except an Indian in the Indian country) who sells, exchanges, gives, barters, or disposes of any spirituous liquors or wine to any Indian under the charge of any Indian superintendent or agent, or introduces, or attempts to introduce, any spirituous liquor or wine into the Indian country, shall be punishable. . . . ."  (Rev. Stats. U. S. § 2139.)

It is contended that the sale mentioned in the indictment was

commerce "with the Indian tribes," within the meaning of the words of the Constitution, and that the power of Congress is exclusive over the subject. The following cases are cited in support of the position which has been stated : *United States* v. *Holliday*, 3 Wall. 407; *United States* v. *Cisna*, 1 McLean, 254; *United States* v. *Burdick*, 1 Dak. 142; *United States* v. *Shaw-Mux*, 2 Sawy. 364; *Brown* v. *Houston*, 114 U. S. 622; *Robbins* v. *Shelby Co.* 120 U. S. 489; *Bowman* v. *Chicago R. R. Co.* 125 U. S. 465; *United States* v. *Earl*, 9 Sawy. 79.

The authorities establish certain principles, which are concisely announced in *Robbins* v. *Shelby Co. supra*, by Mr. Justice Bradley: "The Constitution of the United States having given to Congress the power to regulate commerce, not only with foreign nations, but among the several States, that power is necessarily exclusive whenever the subjects of it are national in their character, or admit only of one uniform system or plan of regulation. . . . . Where the power of Congress to regulate is exclusive, the failure of Congress to make express regulations indicates its will that the subject shall be left free from any restrictions or impositions; and any regulation of the subject by the States, except in matters of local concern only, as hereafter mentioned, is repugnant to such freedom. . . . . The only way in which commerce between the States can be legitimately effected by State laws is when, by virtue of its police power, and its jurisdiction over persons and property within its limits, a State provides for the security of the lives, limbs, health, and comfort of persons, and the protection of property; . . . . the passage of laws to regulate or restrict the sale of articles deemed injurious to the health or morals of the community." We concede that these principles are applicable to laws which regulate commerce "with the Indian tribes," and we must declare this statute of the Territory unconstitutional if it is legislation of this nature, and not subject to any conditions. While the indictment alleges that the whiskey was sold to "a certain Indian," the testimony proves that he belonged to the tribe living upon the Flathead Reservation, and in charge of Mr. Ronan as agent. These facts bring the case within the purview of the foregoing statutes of the Territory and United States. The cases of *United States* v. *Holliday, supra; United States* v. *Cisna, supra; United States* v.

*Burdick, supra; United States* v. *Shaw-Mux, supra;* and *United States* v. *Earl, supra,* sustain the jurisdiction of the courts of the United States in trying and punishing persons who violate the laws of Congress prohibiting the sales of intoxicating liquors to Indians, and maintain the power of Congress to enact statutes governing the subject under the clause of the Constitution regulating commerce with the Indian tribes. These doctrines are not questioned by this court, and do not decide that a State or Territory has no right to pass laws making definite acts of its citizens in selling intoxicating liquors to Indians crimes, and prescribing penalties for their infraction.

It will be instructive to consider the exceptions in *Robbins* v. *Shelby Co. supra,* which are embraced within the police power of the States, and particularly the restrictions upon the traffic in intoxicating liquors. In *Ex parte Smith,* 38 Cal. 707, Mr. Justice Sanderson says: "Legislatures have enacted a variety of laws, which undoubtedly, in a general sense, affect the rights of life, liberty, property, safety, and happiness, by way of restraint. Of such are laws regulating the slaughter of animals, the interment of the dead, the erection of buildings in cities and towns of inflammable materials, the manufacture and keeping of gunpowder and other explosive compounds, the vending of poisons and other noxious drugs, the sale of intoxicating beverages to certain classes of persons, as Indians, and even to all classes of persons, as in the case of the prohibitory liquor laws of Maine and Massachusetts. . . . . The constitutionality of some of this legislation has been debated and doubted; but I believe the general opinion now is that none of it is opposed, but, on the contrary, that all of it is not only consistent with, but essential to, the most perfect enjoyment, in a constitutional sense, of the natural rights of persons." In *License Cases,* 5 How. 577, Mr. Chief Justice Taney says: "But although a State is bound to receive and to permit the sale by the importer of any article of merchandise which Congress authorizes to be imported, it is not bound to furnish a market for it, nor to abstain from the passage of any law which it may deem necessary or advisable to guard the health or morals of its citizens, although such law may discourage importation, or diminish the profits of the importer, or lessen the revenue of the general government.

And if any State deems the retail and internal traffic in ardent spirits injurious to its citizens, and calculated to produce idleness, vice, or debauchery, I see nothing in the Constitution of the United States to prevent it from regulating and restraining the traffic, or from prohibiting it altogether if it thinks proper." In *Foster* v. *Kansas*, 112 U. S. 206, Mr. Chief Justice Waite says: " In *Bartemeyer* v. *Iowa*, 18 Wall. 129, it was decided that a State law prohibiting the manufacture and sale of intoxicating liquors was not repugnant to the Constitution of the United States. This was re-affirmed in *Boston Beer Co.* v. *Massachusetts*, 97 U. S. 25, and that question is now no longer open in this court." In *Hannibal etc. Railroad Co.* v. *Husen*, 95 U. S. 470, Mr. Justice Strong, in the opinion, observes: "We admit that the deposit in Congress of the power to regulate foreign commerce and commerce among the States was not a surrender of that which may properly be denominated 'police power.' What that power is it is difficult to define with sharp precision. It is. generally said to extend to making regulations promotive of domestic order, morals, health, and safety." Mr. Cooley, after commenting upon the authorities concerning the laws affecting the manufacture and sale of intoxicating drinks as a beverage, concludes: " They are looked upon as police regulations, established by the legislature for the prevention of intemperance, pauperism, and crime, and for the abatement of nuisances." (Const. Lim. [4th ed.] 727.) Mr. Justice Holmes, in a note to Kent's Commentaries, refers to the police power of the government and says: " The most remarkable cases as to the exercise of this power are those arising out of the liquor laws. Such laws do not interfere with the power of Congress to regulate commerce, if they prohibit the sale of imported liquor only when it has passed out of the hands of the importer, or when the original packages have been broken up by him." (Vol. 2 [12th ed.], 340, n. 2.) In *New Orleans Gas Co.* v. *Louisiana Light Co.* 115 U. S. 650, Mr. Justice Harlan says: "That there is a power sometimes called the 'police power,' which has never been surrendered by the States, in virtue of which they may, within certain limits, control everything within their respective territories, and upon the proper exercise of which, under some circumstances, may depend the public health, the public morals, or the public safety, is con-

ceded in all the cases." (See, also, Black, Const. Prohib. § 65; *Mugler* v. *Kansas*, 123 U. S. 623; *Kidd* v. *Pearson*, 128 U. S. 1.)

We are aware of the broad distinction between the government of a State and Territory, but "the legislative power of every Territory shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States." (Rev. Stats. U. S. § 1851.) In *Hornbuckle* v. *Toombs*, 18 Wall. 655, it is adjudged that, "as a general thing, subject to the general scheme of local government chalked out by the Organic Act, and such special provisions as are contained therein, the local legislature has been intrusted with the enactment of the entire system of municipal law, subject, also, however, to the right of Congress to revise, alter, and revoke at its discretion. The powers thus exercised by the territorial legislatures are nearly as extensive as those exercised by any State legislature." There is no limitation upon the authority of a Territory to pass laws for the regulation and restriction of "the sale of articles deemed injurious to the health or morals of the community." The act under consideration is clearly within the police power of the territorial government, as defined by the courts, and is not inconsistent with the Constitution and laws of the United States. The judgment is affirmed, and the original judgment is hereby directed to be carried into execution as entered in the court below.

BACH, J., and LIDDELL, J., concur.