STATE OF MINNESOTA v. EDWARD WISE.[1]

November 11, 1897.

Nos. 10,209—(3).

**Sale of Liquor to Indians—G. S. 1894, § 2002.**

G. S. 1894, § 2002, forbids the sale of intoxicating liquors to any Indian, without regard to the question whether he has or has not severed his tribal relations, adopted the habits of civilization, and become a citizen of the United States, by complying with the provisions of the United States "Land in Severalty Act," of February 8, 1887.[2]

**Same—Constitution.**

As thus construed, the statute is a valid exercise of the police power of the state, and is not in conflict with either section 33 of article 4 of the constitution of the state, or section 1 of the fourteenth amendment of the federal constitution.

Indictment for selling spirituous liquor to an Indian.

When the defendant was arraigned before the district court for Traverse county and required to plead, he interposed a motion to set the indictment aside because the person described as an Indian in the indictment was born within the territorial limits of the United States, and at the time alleged was a resident of South

[1] Reported in 72 N. W. 843.    [2] 24 Stat. c. 119, p. 388.

Dakota, and a citizen of the United States who had accepted the provisions of the act of congress of February 8, 1887. The facts upon which the motion was based were admitted by the state for the purposes of the motion and to obtain a decision upon the questions presented thereby. The motion was denied. The case was then certified to the supreme court, C. L. Brown, J., the defendant "desiring and consenting thereto." Affirmed.

*F. J. Steidl,* for the State.

*A. S. Crossfield* and *O'Hair & Murphy,* for defendant.

MITCHELL, J.

The defendant was indicted under G. S. 1894, § 2002, for selling spirituous liquors to an Indian in 1895. The statute provides that "whoever sells * * * any spirituous liquors or wines to any Indian within this state shall on conviction thereof be punished," etc. The person to whom the spirituous liquor was sold was by blood an American Indian, formerly belonging to the Sisseton and Wahpeton band of Sioux Indians, but in 1891 he had severed all his relations with his tribe, adopted the habits and customs of civilization, and taken up an allotment of land in severalty, under the provisions of the United States "Land in Severalty Act," of February 8, 1887,[3] and thereby became a citizen of the United States, as well as of the state of South Dakota in which he resided.

The questions certified to this court are substantially two: First, whether the statute under which defendant was indicted applies to Indians who have thus become citizens of the United States under the act of congress, or only to those who retain their original status as members of "domestic dependent nations"; and, second, if the statute applies to the former, whether it is in contravention of the provisions of either the state or federal constitution, particularly section 33 of article 4 of the former and section 1 of the fourteenth amendment to the latter.

General words in a statute may be limited by the object of the act, but, in view of the nature and manifest purpose of this statute and the well-known conditions which induced its enactment, there is no warrant for limiting it by excluding from its operation sales of

[3] 24 Stat. c. 119, p. 388.

intoxicating liquors to any person of Indian blood, even although he may have become a citizen of the United States by compliance with the act of congress. The statute is a police regulation. It was enacted in view of the well-known social condition, habits, and tendencies of Indians as a race. While there are doubtless notable individual exceptions to the rule, yet it is a well-known fact that Indians as a race are not as highly civilized as the whites; that they are less subject to moral restraint, more liable to acquire an inordinate appetite for intoxicating liquors, and also more liable to be dangerous to themselves and others when intoxicated. In view of these considerations, it was thought wise to protect persons of that race as well as the community at large by prohibiting the sale of intoxicating liquors to them altogether. We are therefore of opinion that the statute applies to and includes all Indians as a race, without reference to their political status. Thus construed, the statute is a valid exercise of the police power of the state. It is neither arbitrary class legislation, nor does it abridge the privileges or immunities of citizens of the United States, or deprive any person of liberty or property without due process of law, within the meaning of the fourteenth amendment of the federal constitution. The difference in condition between Indians as a race and the white race constituted a sufficient basis of classification. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800.

The act stands on the same footing as laws prohibiting the sale of intoxicating liquors to minors, habitual drunkards, etc. The sale of intoxicating liquors is a subject within the police power of the state, and the legislature may prescribe such reasonable limitations and conditions upon the traffic as, in their judgment, public welfare requires, or they may prohibit the traffic entirely. It is unnecessary here to enter into any discussion of the question what privileges and immunities are guarantied by the federal constitution; for nothing is better settled than that, whatever they are, they are all subject to the proper exercise of the police power of the several states. That power has not been abolished or limited by the fourteenth amendment. People v. Bray, 105 Cal. 344, 38 Pac. 731. It can hardly be necessary to add that, if the sale was made in this state, it was prohibited by section 2002, whether the Indian was a resident of the

state or only temporarily within its borders.   The trial court prop-
erly-denied defendant's motion to set aside the indictment.

The cause is therefore remanded to the lower court for further
proceedings.