UNITED STATES v. HADLEY.

(Circuit Court, D. Washington, N. D.    January 30, 1900.)

1. CRIMINAL LAW—JURISDICTION.
    An offense committed upon an Indian reservation within a state is not cognizable in a federal court, under Act Cong. March 3, 1885 (1 Supp. Rev. St. U. S. [2d Ed.] 482), unless the offender is an Indian.
2. INDIANS—HALF-BREEDS.
    Half-breeds who never receive recognition from their white parents, but are left to be nurtured during childhood by Indian relatives, and live as savages, and are subjects of governmental care, have the status of Indians.
8. SAME—CITIZENSHIP—JURISDICTION.
    Children born in lawful wedlock within the United States, the father being a white man and a citizen of the United States, and the mother an Indian woman who has adopted the habits of civilized life and lives apart from her tribe, are by virtue of Const. Amend. art. 14, and Rev. St. § 1992, citizens of the United States, and their status is not changed by residence upon an Indian reservation and receiving allotments of Indian land. Half-breeds, who are citizens by birth, cannot be brought to trial in the federal courts, under a statute which limits the jurisdiction to offenses committed by Indians.

Indictment for larceny upon an Indian reservation.    Heard on demurrer to indictment.    Demurrer sustained.

Charles E. Claypool, Asst. U. S. Atty.
Edward Whitson, for defendant.

HANFORD, District Judge.    The demurrer raises the question whether this case is cognizable in this court.    The ninth section of the act of congress making appropriations for the current and contingent expenses of the Indian department, etc., approved March 3, 1885 (1 Supp. Rev. St. U. S. [2d Ed.] p. 482), provides that:

"All Indians committing upon the person or property of another Indian or other person any of the following crimes, namely, murder, manslaughter, rape, assault with intent to kill, arson, burglary and larceny within any territory of the United States, and either within or without an Indian reservation, shall be subject therefor to the laws of such territory relating to said crimes, and shall be tried therefor in the same courts and in the same manner and shall be subject to the same penalties as are all other persons charged with the commission of said crimes, respectively; and the said courts are hereby given jurisdiction of all such cases; and all such Indians committing any of the above crimes against the person or property of another Indian or other person within the boundary of any state of the United States, and within the limits of any Indian reservation, shall be subject to the same laws, tried in the same courts and in the same manner, and subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States."

The indictment charges that the defendant is an Indian, and this allegation is material and necessary to bring the case within the purview of the statute, and therefore essential to the jurisdiction of the court.    The defendant denies that he is an Indian, and on that ground disputes the jurisdiction of the court to deal with him for the offense charged; and for the purpose of submitting the real question in the case, as a question of law, for the court to decide, it has been stipulated as follows:

"It is agreed that the parents of the defendant were married under the laws of the territory of Washington in 1873; that the father is a white man, and a naturalized citizen of the United States, and that the mother is an Indian, and a member of the Yakima tribe of Indians; that the defendant was born off the reservation, in the county of Yakima, and went there with the parents to reside in 1881, where he now resides; that he has received land as an allotment under the act of congress of 1887, has his patent therefor, and is now holding said land."

To interpret and apply the act of 1885, above quoted, correctly, according to the intent of congress, when dealing with persons of mixed blood charged with the commission of any of the offenses enumerated, within a state, it is necessary to consider all the facts and conditions affecting the status of the accused person, as well as the facts in regard to the blood of his parents. It is a matter of common knowledge, and therefore within the judicial knowledge of the court, that in some instances the half-breed children of unmarried Indian mothers never do have recognition, support, or care from their fathers, but are left to be nurtured during childhood by the mothers and their people only. They grow up among Indians, and live as Indians, and are as much the subject of governmental concern as Indians of full blood. Another class of Indian half-breeds are born under the sanction of marriage, the father being a white man and a citizen, and maintaining an independent home; and the mother, although an Indian, is by her marriage, and adoption of the habits of civilized life, entirely separated from her Indian tribal relatives. The half-breed children of such parents, born within the United States, reared and educated as other children of citizens, are by the provisions of the fourteenth amendment to the constitution, and by section 1992, Rev. St., made citizens of the United States, and are, in the eyes of the law, entitled to all the rights, privileges, and immunities of other citizens; and they are as distinct from the other class of half-breeds which I have described as any other civilized people are distinct from savages. It is not compatible with their rights and dignity as citizens that they should be amenable to laws applicable to Indians only. I hold that the statute of 1885 must be understood as having reference to the actual legal status of the offender, and that the facts as to the blood of their parents are not to be considered in the determination of the question whether they are Indians, within the meaning of the statute, except in so far as blood fixes their legal status. According to the admitted facts, the defendant in this case is by law given the legal status of his father, and is by birth a citizen of the United States; and I hold that he is not subject to indictment and trial in this court for an offense which is cognizable in this court only when committed by an Indian. The status of the defendant was fixed by the circumstances of his birth, and could not be changed by his subsequent residence upon an Indian reservation, and receiving and holding an allotment of Indian lands. Whether the allotment was lawful or otherwise is a question which cannot be determined in this proceeding, and I consider that it is immaterial, because the action of the officers of the Indian department in

making the allotment to him could not have the effect to deprive him of his birthright as the son of a white man, and a citizen of the United States. Demurrer sustained, and defendant discharged.