[No. 8694.   Department Two.   June 3, 1910.]

THE STATE OF WASHINGTON, *Appellant*, v. J. B. MAMLOCK, *Respondent.*[1]

INDIANS—SALE OF INTOXICATING LIQUORS—POLICE POWER.  Rem. & Bal. Code, § 6288, prohibiting the sale of intoxicating liquors to Indians, is a valid exercise of the police power, inherent in state sovereignty; and accordingly does not violate the fourteenth amendment to the Federal constitution in so far as it prohibits sale to Indians who are citizens; nor art. 1, § 8 of the constitution conferring authority on the general government to regulate commerce with Indian tribes, in so far as it prohibits sales to Indian wards of the United States.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered February 5, 1910, upon sustaining a demurrer to the information, dismissing a prosecution for selling intoxicating liquor to an Indian.  Reversed.

*J. L. McMurray* and *A. B. Bell*, for appellant.

*John Leo*, for respondent.

RUDKIN, C. J.—An information was filed in the court below charging the defendant Mamlock with the crime of selling intoxicating liquor to an Indian, in violation of § 6288, Rem. & Bal. Code.  A demurrer to the information was sustained,

[1]Reported in 109 Pac. 47.

and from an order of dismissal, the state has prosecuted this appeal. In support of the demurrer in the court below, and in support of the judgment here, the respondent contends that the legislative act, under which the information was filed, violates the fourteenth article of the amendments to the constitution of the United States, in so far as it prohibits the sale of intoxicating liquors to Indians who are citizens of the United States, and section eight of article one of the constitution of the United States, conferring authority on the general government to regulate commerce with the Indian tribes, in so far as it prohibits sales to Indians who are wards of the United States under charge of an Indian agent or superintendent.

The validity of state laws prohibiting the sale of intoxicating liquors to certain classes of persons who are peculiarly liable to be injured morally or physically by their use, such as minors, persons already intoxicated, habitual drunkards, idiots, and insane persons, has so often been affirmed by the courts that the question is no longer an open one. Black, Intoxicating Liquors, § 42; 23 Cyc. 163. That the American Indian falls within the classes thus defined, whether he be a citizen of the United States or otherwise, is equally well settled. Black, Intoxicating Liquors, § 427; *Territory v. Coleman*, 1 Ore. 191, 75 Am. Dec. 554; *Territory v. Guyott*, 9 Mont. 46, 22 Pac. 134; *State v. Wise*, 70 Minn. 99, 72 N. W. 843; *People v. Bray*, 105 Cal. 344, 38 Pac. 731, 27 L. R. A. 158; *People v. Gebhard*, 151 Mich. 192, 115 N. W. 54; *Tate v. State*, 58 Neb. 296, 78 N. W. 494.

As said by the supreme court of Minnesota in *State v. Wise, supra*:

"The statute is a police regulation. It was enacted in view of the well-known social condition, habits, and tendencies of Indians as a race. While there are doubtless notable individual exceptions to the rule, yet it is a well-known fact that Indians as a race are not as highly civilized as the whites; that they are less subject to moral restraint, more liable to acquire an inordinate appetite for intoxicating liquors, and

also more liable to be dangerous to themselves and others when intoxicated. In view of these considerations, it was thought wise to protect persons of that race as well as the community at large by prohibiting the sale of intoxicating liquors to them altogether. We are therefore of opinion that the statute applies to and includes all Indians as a race, without reference to their political status. Thus construed, the statute is a valid exercise of the police power of the state. It is neither arbitrary class legislation, nor does it abridge the privileges or immunities of citizens of the United States, or deprive any person of liberty or property without due process of law, within the meaning of the fourteenth amendment of the Federal constitution. The difference in conditions between Indians as a race and the white race constituted a sufficient basis of classification."

Similar language was used by the supreme court of California in *People v. Bray, supra.* The conclusion that the regulation in question is a mere police regulation is perhaps a sufficient answer to the claim that the statute violates the commerce clause of the Federal constitution.

"The police of a state, in a comprehensive sense, embraces its system of internal regulation, by which the state seeks not only to preserve the public order and to prevent offenses against the state, but also to establish for the intercourse of citizens with citizens those rules of good manners and good neighborhood which are calculated to prevent a conflict of rights, and to insure to each the uninterrupted enjoyment of his own so far as is reasonably consistent with a like enjoyment of rights by others." Cooley, Constitutional Limitations (6th ed.), 704.

"Police power is the name given to that inherent sovereignty which it is the right and duty of the government or its agents to exercise whenever public policy in a broad sense demands, for the benefit of society at large, regulations to guard its morals, safety, health, order, or to insure in any respect such economic conditions as an advancing civilization of a highly complex character requires." 8 Cyc. 863.

The police power inheres in state sovereignty and was not delegated to the Federal government by the original

constitution, or by any of the later amendments. As said by Mr. Justice Field in *Barbier v. Connolly*, 113 U. S. 27, speaking of the fourteenth amendment,

"But neither the amendment—broad and comprehensive as it is—nor any other amendment, was designed to interfere with the power of the state, sometimes termed its police power, to prescribe regulations to promote the health, peace, morals, education, and good order of the people, and to legislate so as to increase the industries of the state, develop its resources, and add to its wealth and prosperity."

See, also, *Slaughter-House Cases*, 16 Wall. 36; *Mugler v. Kansas*, 123 U. S. 623; *Territory v. Guyott, supra;* Cooley, Constitutional Limitations, p. 11; 8 Cyc. 865.

We are therefore of opinion that the law in question is a valid exercise of the police power of the state, and inasmuch as the information charges a crime under its provisions, the judgment of the court below is reversed, with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.

MOUNT, DUNBAR, PARKER, and CROW, JJ., concur.