[No. 12301. Department One. January 8, 1915.]

## THE STATE OF WASHINGTON, *Respondent*, v. GEORGE KENNEY, *Appellant*.[1]

INDIANS — MIXED BLOOD — INTOXICATING LIQUORS. Rem. & Bal. Code, § 6288, prohibiting the sale or gift to an Indian of mixed blood having more than one-eighth Indian blood applies to all such Indians, regardless of the status of their father or themselves as citizens, the prohibition of such act coming within the police power of the state.

CRIMINAL LAW—FORMER JEOPARDY—OFFENSE UNDER FEDERAL AND STATE LAWS. Where an offense is created under both Federal and state laws, an acquittal in the court of one jurisdiction does not bar a prosecution in the other for the same transaction.

CRIMINAL LAW—PUNISHMENT—EXCESSIVE SENTENCE. A sentence of two years in the state penitentiary for giving intoxicating liquor to an Indian of mixed blood, being within the limit fixed by law, will be presumed to be not an abuse of discretion, in the absence of any showing to the contrary.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered November 25, 1913, upon a trial and conviction of giving intoxicating liquor to an Indian. Affirmed.

*H. N. Martin* and *E. A. Hesseltine*, for appellant.

*James S. Freece* and *C. A. Pettijohn*, for respondent.

[1]Reported in 145 Pac. 450.

Chadwick, J.—Appellant was convicted in the court below upon a charge of giving liquor to an Indian of mixed blood and within the protection of ch. 140, Laws of 1909, p. 537 (Rem. & Bal. Code, § 6288; P. C. 135 § 1491).

It is first contended that the court erred in holding that the person to whom the liquor was given was an Indian. The father was a white man, a veteran of the Civil War. The mother was an Indian woman. The statute makes no exceptions in favor of citizen Indians or the offspring of those who are citizens. If there be the blood of an Indian to the degree of more than one-eighth in the person to whom liquor is given or sold, they are within the statute. *State v. Nicolls*, 61 Wash. 142, 112 Pac. 269, Ann. Cas. 1912 B. 1088; *State v. Mamlock*, 58 Wash. 631, 109 Pac. 47, 137 Am. St. 1085.

The case of *United States v. Hadley*, 99 Fed. 437, is relied on. That case is seemingly in point, and we would be inclined to follow its reasoning if it could be applied under our statute. The defendant in that case was charged under a Federal statute providing for the punishment of "all Indians committing upon the person or property of another Indian or other person, any of the following crimes, namely, murder, &c." It was for the court to decide whether the person charged was an Indian. It was held that a half-breed child of a citizen parent was a citizen under the fourteenth amendment, and entitled to the rights and privileges and immunities of a citizen. Our statute says more than that liquor shall not be sold to an Indian; it bars the sale or gift to "a mixed blood Indian being more than one-eighth." Our statute, as was said in the cases cited, is referable to the police power under which the state may define a class to which intoxicating liquors shall not be given or sold. A citizen cannot claim a constitutional right to get drunk. Neither can he claim a constitutional right to give or sell intoxicating liquor to one of a class that is protected by the law because of its weakness and a disposition to be improvident when accustomed to use liquor even in moderate quantities. If it

were so, laws prohibiting the sale of liquors to habitual drunkards, minors and others to whom its use may result in harm to society could not be sustained. The right of the state to enact the statute complained of does not rest upon any question of citizenship. The fourteenth amendment, which is relied on, is therefore in no way trenched upon or violated.

Counsel has made an able argument addressed to the policy of the law and in opposition to our former holdings, but we are inclined to our former position. It is for the legislature to work out the inequities of criminal statutes.

Defendant was acquitted upon a like charge in the Federal district court at Spokane. The judgment roll was offered in evidence by the defendant and rejected. There was no error in this. The rule is:

"As the same transaction may constitute a crime under the laws of the United States and also under the laws of a state, the accused may be punished for both crimes, and an acquittal or conviction in the court of either is no bar to an indictment in the other." 12 Cyc. 289.

See, also, *State v. Coss*, 12 Wash. 673, 42 Pac. 127.

Defendant was sentenced to serve a term of two years in the state penitentiary. This is complained of as excessive. We admit that it seems ample, but it is within the limit fixed by the legislature and we must presume, in the absence of any showing to the contrary, that the trial judge did not abuse his discretion.

Finding no error, the judgment is affirmed.

CROW, C. J., GOSE, PARKER, and MORRIS, JJ., concur.