(April 24, 1912.)

## STATE, Appellant, v. AUGUST PAULSEN, Respondent.

[123 Pac. 588.]

CRIMINAL LAW—DIRECTOR OF BANK—FALSE REPORT—INDICTMENT—
    SUFFICIENCY OF—DEMURRER—CONSTRUCTION OF STATUTE—CHANG-
    ING "OR" TO "AND"—CRIME CHARGED—MISDEMEANOR—FELONY.

(Syllabus by the court.)

1. Under the provisions of sec. 7128, Rev. Codes, a person who knowingly makes or publishes in any way whatever, or permits to be so made or published, any book, prospectus, notice, report, statement, exhibit or other publication of or concerning the affairs

financial condition or property of any corporation, joint stock association, copartnership or individual, which said book, prospectus, notice, report, statement, exhibit or other publication shall contain any statement which is false or wilfully exaggerated is guilty of a felony.

2. Under the provisions of said section, a person who knowingly makes a report, prospectus, etc., which shall contain any statement that is false or wilfully exaggerated and which is intended to give or which shall have a tendency to give a less or greater apparent value to the shares, bonds or other property of such corporation than such bonds or property shall really and in fact possess, is guilty of a felony.

3. Under the provisions of said section, the indictment involved in this case *held* to be sufficient to charge the defendant with the crime of a felony, although it did not charge that said false report was intended to give or that it had a tendency to give a less or greater apparent value to the shares, bonds or other property of said corporation than such shares, bonds or other property in fact possessed.

4. Under the provisions of sec. 7121, Rev. Codes, it is made a misdemeanor for a director, officer or agent of a corporation knowingly to concur in making or publishing a false report, and by the provisions of sec. 7128, it is made a felony for such person to make a false report, etc. Thus, to concur in making a false report is made a lesser crime than to make a false report.

5. When there is a doubt in the mind of the court in regard to the proper construction of a statute, the court may resort to the title of the act in order to construe the statute and determine the intent of the legislature. But where there is no doubt in the mind of the court, the words and phrases of a statute must be construed according to the context and the approved usage of the language, as directed by the provisions of sec. 15, Rev. Codes.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. W. W. Woods, Judge.

The respondent was indicted for making a false report in regard to a bank of which he was a director. A demurrer to the indictment was sustained. This appeal is by the state for the purpose of obtaining a construction of sec. 7128, Rev. Codes. The action of the trial court in sustaining the demurrer held error.

D. C. McDougall, Attorney General, J. H. Peterson, and O. M. Van Duyn, Assistants to the Attorney General, and James A. Wayne, for Appellant.

The intent of the legislature must be taken from the words used, and where, by accepting the words in their usual sense. the statute is plain, unambiguous and enforceable, the court will enforce the words of the statute and make no substitutions. (Endlich on Interpretation of Statutes, p. 415; 2 Sutherland, Statutory Construction, sec. 390.)

We believe that technical objections to indictments, where such objections do not go to the merits of the case, are rather out of fashion in this court. The rule in this regard is nowhere better stated than in the case of *People v. Helmer,* 154 N. Y. 600, 49 N. E. 249.

Myron A. Folsom, for Respondent.

Sec. 7128, Rev. Codes, was enacted in 1907 as a complete statute. It will readily be seen from the title that the legislature contemplated that both the elements of falsity and wrongful intent or tendency are necessary to a definition of a crime under this statute. (*Coosaw Mining Co. v. South Carolina,* 144 U. S. 563, 12 Sup. Ct. 689, 36 L. ed. 537; *Church v. United States,* 143 U. S. 457, 12 Sup. Ct. 511, 36 L. ed. 226.)

In order to give the statute in question a meaning which the legislature intended, as shown by the title to the act, it will be necessary that the word "or" after the word "exaggerated" shall be read as "and." This is frequently necessary in statutory construction. (Sutherland on Stat. Construction, sec. 252; *State v. Hooker,* 22 Okl. 712, 98 Pac. 971; *Thomas v. Grand Junction,* 13 Colo. App. 80, 56 Pac. 665; *State v. Myers,* 146 Ind. 36, 44 N. E. 801; *Kitchen v. Southern Ry.,* 68 S. C. 554, 1 Ann. Cas. 747, 48 S. E. 4; *Ayers v. Chicago Title Co.,* 187 Ill. 42, 58 N. E. 319; *James v. United States etc. Co.,* 133 Ky. 299, 117 S. W. 406; *Douglas v. State,* 18 Ind. App. 289, 48 N. E. 9.) An indictment which fails to charge all the necessary elements of a statutory crime is insufficient. (*State v. Swenson,* 13 Ida. 1, 81 Pac. 379; *State*

*v. Furgerson,* 152 Mo. 92, 53 S. W. 427; *Moline v. State,* 67 Neb. 164, 93 N. W. 228; *State v. Eddy,* 46 Or. 625, 81 Pac. 941; *Hase v. State,* 74 Neb. 493, 105 N. W. 253; *People v. Arnold,* 46 Mich. 268, 9 N. W. 406; *State v. Ashpole,* 127 Iowa, 680, 104 N. W. 281.)

The defendant merely attested as director a report which was prepared and sworn to by the cashier. The law did not require him to attest this report. Moreover, an innocent attestation of a report is not the equivalent of the making of a report, neither is a knowledge of the falsity to be imputed to a director. (*Yates v. Jones National Bank,* 206 U. S. 158, 27 Sup. Ct. 638, 51 L. ed. 1002; *Potter v. United States,* 155 U. S. 438, 15 Sup. Ct. 144, 39 L. ed. 214; *United States v. Booker,* 98 Fed. 291; *United States v. Potter,* 56 Fed. 83, 101.)

SULLIVAN, J.—This is an appeal on the part of the state from an order sustaining a demurrer and quashing an indictment presented by the grand jury of Shoshone county, to obtain a proper construction of the provisions of sec. 7128, Rev. Codes.

August Paulsen and two others were charged by the grand jury with making a false report concerning the property of the State Bank of Commerce situated at Wallace, Shoshone county, in violation of the provisions of said sec. 7128. The demurrer in effect was based on the ground that the indictment failed to charge either that the false report alleged to have been made was intended to give, or that it had a tendency to give, a greater or less apparent value to the shares, bonds or property of said bank than they in fact possessed. Said section of the statute is as follows:

"Any person who knowingly makes or publishes in any way whatever, or permits to be so made or published, any book, prospectus, notice, report, statement, exhibit or other publication of, or concerning the affairs, financial condition or property of, any corporation, joint stock association, copartnership or individual, which said book, prospectus, notice, report, statement, exhibit or other publication, shall contain

any statement which is false or wilfully exaggerated or which is intended to give, or which shall have a tendency to give, a less or greater apparent value to the shares, bonds or property of said corporation, joint stock association, copartnership or individual, or any part of said shares, bonds or property, than said shares, bonds or property or any part thereof, shall really and in fact possess, shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned for not more than ten years or fined not more than ten thousand dollars, or shall suffer both said fine and imprisonment."

Said section was enacted at the ninth session in 1907 (Sess. Laws 1907, p. 25), and was embodied in the Revised Codes of 1909 as section 7128. Under the provisions of said section, if it were necessary to charge in the indictment that said false report was intended to give, or had a tendency to give, a less or greater apparent value to the shares or bonds or property of said bank than they really possessed, the court did not err in sustaining said demurrer. But if under the provisions of said section it was only necessary to charge that said defendants did knowingly make said false report, then the court erred in sustaining said demurrer. The first part of said section provides against a person knowingly making or publishing a false report and closes with the following words: "shall contain any statement which is false or wilfully exaggerated," and then follows this language: "or which is intended to give or shall have a tendency to give a less or greater apparent value to the shares, bonds or property of said corporation," etc. The trial court held under the provisions of said section that it was necessary to charge the intent with which said false report was made or the tendency or the effect of the report in boosting or depressing the stock, etc., and that as it did not do so, it did not charge a public offense. The trial court evidently came to the conclusion that the legislature intended to make one of the essentials of said crime the intent or tendency to mislead as to the apparent value of the corporate shares, bonds or property of such corporation. Counsel for respondent contend

that the word "or" between the words "exaggerated" and "which" in said section means "and" and must be read "and," and contend that if so read it would then clearly appear that the legislature intended that both "falsity" and "wrongful intent or tendency" are necessary to a definition of the crime under said statute, and must be alleged in the indictment or information.

We are unable to concur with counsel in this contention, as it is clear to us that the legislative intent was to make it a felony for any person knowingly to make or publish a false report of the matters and things specified in said statute, regardless of the intent or tendency to boost or depress the value of the stock or property belonging to such corporation.

Under contention of counsel, said statute does not make it a crime for a person knowingly to make or publish a false report of the condition of a banking or other corporation, whereby it is intended to secure more business and larger deposits, but it is made a crime only when such false publication, report, etc., is intended to give or has a tendency to give a less or greater apparent value to the shares, bonds, or other property of such corporation. Under that contention, officials may knowingly make all such false and exaggerated reports as they desire to make, and may thereby swindle and deceive those who do business and deposit money with them, and not be criminally liable. If we give the provisions of that section the plain and ordinary construction of the language there used, it makes it a felony for any person knowingly to make or publish in any way whatever a false report, etc., whether or not such report, etc., is intended to give or has a tendency to give a less or greater apparent value to the shares or property of such corporation, and also a crime knowingly to make such false report for any purpose whatever. So far as banking corporations are concerned, the making of false reports may have more of a tendency to secure large deposits of money than to increase or decrease the value of the capital stock or other property of the bank, for many people, no doubt, choose the bank with which to do

business from the reports made of the conditions of the bank. Sec. 7121, Rev. Codes, makes it a misdemeanor for a director, officer or agent of a corporation knowingly to concur in making or publishing any written report which is false, and the directors of many banks simply concur in the reports made as a matter of form and trust the correctness of the report to the cashier or other officer whose duty it is to prepare the report, and those officers or directors who only concur in such false reports are only guilty of a misdemeanor, while the provisions of said sec. 7128 refer to the person who knowingly makes or publishes or permits to be made or published a false or wilfully exaggerated report, etc., which is intended to give or which shall have a tendency to give a less or greater apparent value to the shares, etc., of the property of the corporation, and makes it a felony to do so. Counsel for respondent contends that said sec. 7121 makes it only a misdemeanor for doing the very things which the provisions of said sec. 7128 makes it a felony to do, and urges that the meaning of the word "makes" in sec. 7128 means the same as the words "concurs in making" as used in said sec. 7121; that the legal effect is the same. Some of our criminal statutes provide that one who concurs in making or concurs in doing a certain thing is equally guilty with the one who does it; yet the evident intention of the legislature in enacting said two sections was to punish those who concur in making false reports with less severity than those who actually make such reports. One who concurs in making a false report, under the provisions of said sec. 7121 is only punishable as and for a misdemeanor, while the person who makes the false report, prospectus, etc., under the provisions of sec. 7128, is punishable for a felony, as that crime is thereby made a felony, and counsel is wrong in his contention that under the provisions of said sections to concur in making a false report and to make a false report is the same offense, for the reason the legislature has declared otherwise.

Counsel also contends that if the latter portion of said section 7128 is not necessary to the definition of a crime under the first part of the section, it follows that the first

part is not necessary to the definition of a crime under the second half of the section, and that we would be led to this result, to wit: The second half of the section would punish as a felony the making of a true report which had a tendency to lower or boost the value of corporate shares or property, regardless of the innocent intent of the maker, and contends that the law thus construed would punish as a felony a lawful act done with a lawful intent. We cannot concur with counsel in that contention. The provisions of said section strike at a false report, prospectus, etc., knowingly made, and if a true or correct report of such corporation has a tendency to lower or increase the value of the corporate shares or property, the making of such true report, although it may have such a tendency, is not made a crime under the provisions of said section. Sec. 564 of the Penal Code of California of 1872 is to the same effect as said sec. 7121, Rev. Codes of Idaho. That section was thereafter amended by the legislature of California and is found in sec. 564, Kerr's Cyc. Penal Code of Cal., and provides that every director, officer, agent, etc., who knowingly concurs in making a false or fraudulently exaggerated report "intended to produce or give, or having a tendency to produce or give, the shares of stock in such corporation a greater value or a less apparent or market value than they really possess," etc., is guilty of a felony. If said sec. 7128 was based upon or taken partly from said sec. 564, Kerr's Penal Code of Cal., the legislature of Idaho evidently intended to change the meaning of that section, as it has not followed the language used in the California section.

Our attention has not been called to a law in any state like our sec. 7128, except in the state of Wyoming. In Sess. Laws of Wyo., 1909, p. 227, we find an act consisting of two sections, the first of which is the same as our sec. 7128. That act was approved March 2, 1909, and was evidently taken from an act of the legislature of Idaho approved February 19, 1907. However, our attention has not been called to any decision of the supreme court of Wyoming construing said section.

Counsel contend that if there is any doubt in the mind of the court in regard to the intention of the legislature in passing said sec. 7128, it is set at rest by the title of said act (page 25, Session Laws, 1907). We think the wording of said section of the statute is too clear to require construction, as the language is plain and the intention clear, and it is not necessary to resort to the title to ascertain the evident intention of the legislature. We are aware that the authorities hold that where there is doubt in the mind of the court as to the intention of the legislature the court will seize upon anything from which aid can be derived, and in such case the title will have its due share of consideration. (*Coosaw Min. Co. v. S. Carolina,* 144 U. S. 563, 12 Sup. Ct. 689, 36 L. ed. 537.) But where the language of the section clearly conveys the intention of the legislature and no doubt arises as to such intention, the court is not required to resort to the title to ascertain such intention. Under the provisions of sec. 15, Rev. Codes, words and phrases must be construed according to the context and the approved usage of the language, and in construing said sec. 7128, in accordance with the rule there established, there is no necessity for resorting to the title.

We therefore conclude that the indictment was sufficient and that it was not necessary to charge that such false report was intended to give or had a tendency to give a less or greater value to the shares, bonds or property of said bank than they really and in fact possessed. The trial court therefore erred in sustaining said demurrer to the indictment. The judgment is reversed and the cause remanded.

Stewart, C. J., and Ailshie, J., concur.