(June 28, 1913.)

STATE, Respondent, v. ARTHUR B. CUTTS, Appellant.

[133 Pac. 115.]

REPORTS OF STATE BANKS—RESPONSIBILITY OF CASHIER FOR REPORTS—DEFENSES—ADMISSIBILITY OF BANK-BOOK ENTRIES—ADMISSIBILITY OF ORAL TESTIMONY RELATING TO CONTENTS OF BOOKS.

1. Where a report purporting to show the true condition of a state bank is prepared in typewritten form ready for the signature of the cashier of the bank, by other officers or clerks, and the cashier thereupon signs said report and delivers it to another person, said

cashier has *made* such report, in contemplation of sec. 7128 of the Revised Codes of Idaho.

2. Where a cashier has voluntarily signed such a report as is referred to in sec. 7128 of the Revised Codes, knowing what it was, such making of said report was "knowingly" done, and he is responsible for the truth of the statements therein, unless he can show that he was himself deceived without undue fault or negligence on his part.

3. It is no defense to an information charging a cashier of a state bank with the making of a false report of its condition for him to plead that he signed the report at the request of a superior officer of such bank, without knowledge or investigation on his part as to the truth of the facts therein stated.

4. Entries in the books of a state bank connected with or related to the portions of a report of the condition of such bank alleged in an information to be false are admissible in evidence against the cashier of such bank who assists in or supervises the keeping of such books, when the cashier is on trial charged with making such false report, without the necessity of any foundation being laid relative to their accuracy.

5. Oral testimony regarding the contents of bank-books is not properly admissible in evidence before the portions of such books connected with the subject of inquiry are identified and admitted in evidence.

6. Evidence in this case examined, and *held* that there is sufficient competent evidence in the record to sustain the verdict, especially inasmuch as the defendant admits signing the report charged in the information to be false, and evidence to the effect that such report was false is uncontradicted, and it appears clearly that the defendant signed said report without examining it and in entire disregard of whether it was true or false.

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. E. A. Walters, Judge.

Prosecution for making false report of the conditions of a state bank. Judgment of conviction. Defendant appeals. *Affirmed.*

A. A. Fraser, R. M. Angel and W. J. Lamme, for Appellant.

Error was committed by the trial court in permitting expert witnesses to testify as to certain entries made in the books and records of the Idaho State Bank, and in admitting

in evidence over objection these books and records. There was no foundation laid for the introduction of these books and records, no evidence was introduced on behalf of the state proving or tending to prove that these books were correctly kept or that the entries were made at the time of the transaction therein set forth, and the person who made the entries was not produced upon the trial to identify the books or testify as to their correctness, and no reason shown why such witnesses were not present. (*Phillips v. United States,* 201 Fed. 259, 120 C. C. A. 149; *Watrous v. Cunningham,* 71 Cal. 30, 11 Pac. 811.)

There was no evidence introduced that the defendant in this case made the false report or any entry therein; the only evidence connecting him with said report was the one fact that his name was signed to the same. This, under the statute, is not sufficient to constitute the making of a false report. (*United States v. Booker,* 98 Fed. 291.)

The only evidence produced by the state which tended in the least degree to connect this defendant with said report was the one fact that he had signed it. It might be possible that from the act of signing a report which is false the defendant would be guilty of a misdemeanor, the crime charged in sec. 7121, Rev. Codes, to the same extent as a director of a bank would be if he had signed such a report. This is the rule announced by this court in *State v. Paulsen,* 21 Ida. 686, 123 Pac. 588; *United States v. Potter,* 56 Fed. 83.

The evidence shows that for two months of the period covered by this report defendant was not in the bank, but was absent, acting as cashier of the Camas Prairie Bank; the mere fact that he signed the report under such circumstances is no evidence that he knew of its falsity. (*State v. Jackson,* 20 S. D. 305, 105 N. W. 742; *People v. Helmer,* 85 Hun, 530, 33 N. Y. Supp. 524.)

H. F. Ensign, Prosecuting Attorney, J. H. Peterson, Attorney General, J. J. Guheen and T. C. Coffin, Assistants, for Respondent.

If it is true in every case of this nature, that of making a false report concerning the condition of some corporation, it

is necessary for the prosecution to prove the correctness of the accounts kept by the corporation for the purpose of showing the falsity of the report, then sec. 7128, Rev. Codes, is a dead letter, for under such circumstances it is well known that the books are not correctly kept, and it would be impossible to show that the report as made was false. The appellant lays great stress upon the case of *Phillips v. United States,* 201 Fed. 259, 120 C. C. A. 149, as bearing out his contention that these books and records were not admissible. We are content, so far as this assignment is concerned, to rest the state's case upon the same authority. (*Bacon v. United States,* 97 Fed. 35, 38 C. C. A. 37; *Smith v. Moore,* 199 Fed. 689, 118 C. C. A. 127; *Foster v. United States,* 178 Fed. 165, 101 C. C. A. 485; *United States v. Allen,* 47 Fed. 696.)

The reason appellant was called upon to sign the report was that the bank examiner and the public would know that the statements made in the report were made by a person who knew or was presumed to know the true condition of the bank. There was no other reason for the defendant to sign the report, and such being the case, he can hardly now be heard to claim that he did not know the condition of the bank. (*Cooper v. Schlesinger,* 111 U. S. 148, 4 Sup. Ct. 360, 28 L. ed. 382; *State v. Mason,* 61 Kan. 102, 58 Pac. 978.)

DAVIS, District Judge.—This is an action wherein the plaintiff is charged by an information filed in the district court in Blaine county with the crime of making a false report concerning the affairs, financial condition and property of the Idaho State Bank in violation of sec. 7128 of the Revised Codes of Idaho.

On appeal to this court from a verdict and judgment of conviction the defendant relies principally upon the following contentions: That he did not prepare said report or aid in its preparation in any way, but merely signed it at the request of a superior officer of the bank, without any actual knowledge as to whether it was true or false; that the trial court erroneously admitted oral testimony and documentary

evidence relative to the condition of the books of said bank without any sufficient foundation being laid as to the accuracy thereof; and that the evidence was insufficient to prove that the defendant made said report or was guilty of the offense charged in said information.

The first question that arises, therefore, is as to whether or not a cashier of a state bank who merely signs a false report which has been prepared in full in typewritten form, except the signature, by others of their own volition and not under his supervision, can be legally convicted for the making of such report under sec. 7128 of the Revised Codes of this state. This court is of the opinion that a cashier who signs such a report and delivers it to another person has *made* said report in contemplation of said section. Of course, many acts by different persons may contribute to the preparation and making of such a report, but the final effective act to give it credence and make it a report is for someone to vouch for its accuracy, either orally or in writing, and the action of the cashier in signing the typewritten statement was certainly such an act. The placing of his signature at the end of the report under the circumstances amounted to more than an approval of its contents (*State v. Paulsen,* 21 Ida. 686, 123 Pac. 588) or the acts of others; it was a vital part of the preparation and execution of the paper that thereafter amounted to a report of the condition of said bank. Such signature was equally as important a part of the making of the report as the mere placing of a list of figures on paper without any certificate as to their accuracy. And it may reasonably be contended that the making of the report consisted not only in the actual preparation thereof, but also in the passing of the signed paper containing the data on to others and out of the control of the person who signed the report. The evidence is clear that the defendant not only signed said false report, but that he delivered it to another person without imposing any conditions upon the manner of its use by such other person, which clearly establishes that the defendant made said report under either definition of the word "make."

Where a cashier of a state bank signs a paper purporting to show the condition of such bank, knowing what it contains, he knowingly makes said report, and should be held responsible for the truth of the statements therein, unless he was himself deceived through no fault or negligence on his part.

It is not sufficient for a cashier of a state bank to offer as a defense to the making of a false report that he signed it at the request of a superior officer without any actual knowledge as to the truth of the statements made in such report, and without making any investigation himself to determine whether or not such statements were true. (*United States v. Allen,* 47 Fed. 696.) Every person is responsible to the law for the rectitude of his own acts, and it is no defense to plead that a criminal statute was violated at the request of another, even under tempting circumstances. Such a plea may properly be made to a trial court or the pardon board in support of an application for clemency, but can have no weight with an appellate court when determining the legality of the conviction of a defendant. The defendant bases several of his alleged errors upon what he contends was the improper admission of evidence, and while he objected to the admission of the books of the bank of which he was cashier because no foundation was laid as to their accuracy, their admission was not error, especially inasmuch as it appeared to be clearly established that the defendant participated in the keeping of the books admitted, was an executive officer of the bank of which the books formed a part, and was acquainted with their contents to a considerable extent. And since the law enjoins upon the officers of state banks the keeping of an accurate record of their condition in books, and a rebuttable presumption arises that the books show the true condition of the bank, it is proper to admit in evidence the entries in such books which relate to the portions of a report of the condition of a state bank alleged to be false, on the trial of a cashier of such bank charged with the making of a false report of the condition thereof. It was said by the circuit court of appeals, eighth circuit, in *Bacon v. United States,* 97 Fed. 35, 38 C. C. A. 37:

"In view of the provisions of the National Banking Act, requiring the books of a national bank to be truthfully kept, by making it an offense to make false entries therein, proof that books are those of a national bank in which the record of its daily business was kept raises a presumption that they were properly kept, which renders them admissible in evidence without further proof, when offered by the government in a criminal suit against an officer of the bank for making false reports."

A general statement as a conclusion by an expert witness to the effect that such books were not correctly kept, without explaining wherein they were not correctly kept will not overcome such presumption so as to require the exclusion of other testimony by the same witness showing what the books contained in detailed form relative to the actual condition of the bank's affairs. Because it may be said of almost any set of books that they were not correctly kept in every particular, and yet notwithstanding such fact it may reasonably be possible for detailed figures from such books to make a correct record of the bank as to particular matters. Such a statement by an expert may also refer to the manner of bookkeeping instead of to the results attained. The condition of the books of the bank, therefore, under such a state of facts is competent evidence for the jury to weigh in connection with other relevant evidence in determining the real condition of the bank at the time of the making of the report, in order to ascertain whether the report was in fact true or false.

And although the court was in error in this case in admitting oral testimony relative to the contents of the bank-books before the books, or the portions thereof connected with the inquiry, were admitted in evidence, this was not prejudicial error, because the foundation to justify their admission was laid later and the original books were subsequently offered and admitted in evidence. Of course, the portions of the books not related to the inquiry were not properly admissible in evidence on the trial of this case, but it does not appear that the defendant's defense was in any way affected by the admission of the books in their entirety.

There is sufficient uncontradicted, competent evidence in the record to establish that the defendant made the report as alleged in the information; that he made it knowingly; that such report was false; and while it is not clear that he knew it to be false at the time of signing such report, it is undoubtedly true that he signed it in entire disregard of whether it was true or false, and voluntarily passed it out of his possession in condition to misrepresent the true condition of the Idaho State Bank, and he thus violated said section of the law. The instructions of the trial court to the jury were more favorable to the defendant than the law justified, and there was no error therein against him.

The judgment is *affirmed.*

Ailshie, C. J., and Stewart, J., concur.