[No. 19530. *En Banc.* May 2, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. R. A. O'BRIEN, *Appellant*.[1]

[1] CORPORATIONS (139) — OFFICERS — CRIMINAL RESPONSIBILITY — FALSE STATEMENT OF CONDITION. Rem. Comp. Stat., § 3829, making it a crime for an officer of a corporation to publish, either privately or generally, any wilfully false report of the business or condition of the company with intent to defraud, applies to private publications to the stockholders or others dealing with the corporation; and hence was not impliedly repealed by Id., § 2642, making it a felony to "knowingly" make any false report as to the financial condition of the company, which applies to public reports.

[2] SAME (139). Evidence of the making of a false annual report to the stockholders of a corporation, made a crime by Rem. Comp. Stat., § 3829, when made with intent to deceive, does not sustain a conviction under Id., § 2642, making it a crime to "knowingly" make any false statement to the public as to the financial condition of the company irrespective of intent to defraud.

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered September 11, 1924, upon a trial and conviction of making a false report as to the financial condition of a corporation. Reversed.

*G. B. Holden,* for appellant.

*Sydney Livesey, M. C. Delle, Geo. E. Clark,* and *H. J. Snively,* for respondent.

ASKREN, J.—The defendant was charged with the crime of making a false and exaggerated report of a corporation. From a conviction and sentence thereunder he has appealed.

Many assignments of error are noted, but one of which requires discussion.

[1]Reported in 255 Pac. 952.

It is urged that the appellant was charged under Rem. Comp. Stat., § 2642 [P. C. § 8899], when the evidence disclosed an offense, if any, under § 3829 [P. C. § 4513].

The evidence disclosed that appellant, as president of the Northwest Finance Company, a corporation, made an annual report of its business for the year 1922, to the stockholders and directors which contained items of finances that were false and exaggerated. The information was as follows:

"He, the said R. A. O'Brien, on or about January 8th, 1923, within Yakima county, Washington, then and there being, and then and there being an officer of a corporation, to-wit, the president of the Northwest Finance Company, a corporation organized and existing under and by virtue of the laws of the state of Washington, having its principal place of business at Yakima, in said state, did then and there knowingly and feloniously make, publish and concur in making and publishing a written report or statement of the affairs and pecuniary condition of said corporation, containing a material statement that was false and exaggerated, to-wit: the statement that the surplus and undivided profits of said corporation at the close of its business for the year 1922 was the sum of twenty thousand nine hundred nineteen and 48/100 ($20,-919.48) dollars lawful money of the United States of America, whereas in truth and in fact, the surplus and undivided profits of said corporation at the close of its business for said year was not the sum of $20,919.48, nor any sum approximating said amount, which false and exaggerated material statement was well known by said R. A. O'Brien to be false and exaggerated at the time he made, published and concurred in the making and publishing of the same."

It is conceded by all parties that the information was drawn under § 2642, *supra*, which reads as follows:

"Every director, officer or agent of any corporation or joint stock association, and every person engaged

in organizing or promoting any enterprise, who shall knowingly make or publish or concur in making or publishing any written prospectus, report, exhibit or statement of its affairs or pecuniary condition, containing any material statement that is false or exaggerated, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars.'' [L. '09, p. 1011.]

It will be noticed that under this section the ''knowingly making'' of the false statement is sufficient without the added charge of an intent to deceive or defraud. The statute was passed in 1909. There had been passed, however, in 1903, § 3829, *supra,* as follows:

''Any superintendent, director, secretary, manager, agent or other officer of any corporation formed or existing under the laws of this state, or transacting business in this state, or any person pretending or holding himself out as such superintendent, director, secretary, manager, agent or other officer, who shall wilfully subscribe, sign, endorse, verify or otherwise assent to the publication, either generally or privately, to the stockholders or other persons dealing with such corporation, [or its stock] any wilfully untrue or wilfully and fraudulently exaggerated report, prospectus, account, statement of operations, values, business profits, expenditures, or prospects, or other paper or document intended to produce or give, or having a tendency to produce or give, to the shares of stock in such corporation a greater value than they really possess, or with the intention of defrauding any particular person or persons, or the public or persons generally, shall be deemed guilty of an offense against the laws of the state of Washington, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary, not less than one nor more than five years, or in the county jail not more than one year, or by a fine not exceeding two thousand dollars or by both.''

[1, 2] Section 3829, *supra,* was not expressly repealed by the act of 1909. The next question is whether

it was repealed by implication. A study of the two statutes convinces us that it was not.

To state a crime under § 3829, it will be noticed, requires an allegation of an intent to defraud or deceive. The legislature undoubtedly realized that this limited the law too greatly, for in publishing generally reports of corporations it would be impossible to show that it was done with intent to deceive or defraud, although that would be its natural result.

It therefore passed the act of 1909, making it a crime to knowingly publish false reports to the public, although there be no intent to deceive or defraud. The public policy that gave rise to this section of the statute was intended to protect the public at large who, although relying on statements so published, were nevertheless not conversant with its affairs. *State v. Case,* 88 Wash. 664, 153 Pac. 1070.

This public policy, however, would not apply to directors who, by reason of their position, manage and direct the corporation, or its stockholders who are entitled to inspect the books of the company and participate in its affairs. As to them, the person who makes the report should be held to answer for a crime only when the report was made with intent to deceive.

A single illustration will suffice: A, B and C are the holders of all the stock and are the directors of a corporation whose total asset is a building worth a thousand dollars, and in the purchase of which all took part. If A, as president, should, in his annual report to the directors and stockholders, place the value of the building at five thousand dollars without any intent to deceive, would anyone consider that he had committed a crime? Certainly not. Yet, if he may be prosecuted under § 2642, *supra,* it is immaterial whether he intended to deceive.

But if A, as president, should publish the same report to the public that the asset of the corporation was a building of five thousand dollars value, the result might well be,—indeed human experience confirms the belief, —that the members of the public relying thereon will invest therein to their great loss.

We think it must be held then that § 2642 applies to public reports and § 3829 applies to private publications to the stockholders or others dealing with such corporation.

Respondent has failed to brief this most important point raised by appellant. In searching the authorities, we have found but one similar case,—that of *State v. Paulsen,* 21 Idaho 686, 123 Pac. 588, where prosecution resulted under a statute similar to § 3829 of our own code. The Idaho court there held that the statute was so worded that an offense might be charged without alleging any intent to defraud or deceive. An inspection of the Idaho statute discloses that the grammatical construction is sufficiently different from our own that it is not a contrary authority.

The evidence not sustaining a charge under § 2642, the judgment is reversed, with instructions to dismiss.

MACKINTOSH, C. J., FRENCH, FULLERTON, PARKER, TOLMAN, MITCHELL, and MAIN, JJ., concur.